IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTOPHER ALLEN McCANN        *

Petitioner                      *

v.                              *      Civil Action No. RWT-10-486

BOBBY SHEARIN *et al.*          *

Respondents.                    *

\*\*\*

## **MEMORANDUM OPINION**

Pending is Respondents' Answer to the Court's Show Cause Order. ECF No. 5. Petitioner has filed a Reply to the Answer addressing Respondents' assertion that his claims are procedurally defaulted. ECF No. 6. After review of these papers, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2008); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).

## **Background**

On May 1, 2006, Alison Kirby, the mother of Petitioner's three children, was attacked in the parking lot of a Baltimore County Wal-Mart, suffering multiple stab wounds and lacerations to her head, face, neck, shoulder and arm, as well as a fractured skull. ECF No. 5. Petitioner was identified as the assailant and arrested the night of the assault. *Id.* He was tried and convicted by a jury of attempted first-degree murder and violation of a protective order. *Id.* at Ex. 3, pp. 162-64. On December 8, 2006, Petitioner was sentenced to serve life in prison for first-degree attempted murder and 90 days concurrent for violating the protective order. *Id.* at Ex. 4, pp. 30-32.

Petitioner appealed his conviction to the Maryland Court of Special Appeals, raising the following four issues.

1. Did the trial court err in overruling McCann's objection to the victim's testimony as to what she thought McCann was thinking?

2. Did the trial court err in denying McCann's motion for judgment of acquittal on the grounds of insufficient evidence McCann acted with deliberation and premeditation?

3. Was McCann denied his due process right to a fair trial by the prosecutor's misstatements of the evidence and the law, and improper arguments and other comments?

4. Is McCann's sentence cruel and unusual punishment, and otherwise unlawful because of the trial court's failure to consider the guidelines and to note her reasons for departure from the guidelines?

ECF No. 5 at Ex. 5, p. 2. On March 17, 2009, the Court of Special Appeals affirmed Petitioner's convictions and sentences in an unreported opinion. *Id.* at Ex. 8. Petitioner did not file a petition for writ of certiorari in the Maryland Court of Appeals, nor has he filed a petition for post-conviction relief. Accordingly, Respondents assert Petitioner's claims are procedurally defaulted. *Id.* at pp. 13-14.

In the instant Petition for Writ of Habeas Corpus, Petitioner raises the same four grounds raised on direct appeal. ECF No. 1.

**Standard of Review**

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

2

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* MD. CTS. & JUD. PROC. CODE ANN., § 12-201 and § 12-301.

If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. *See* MD. CTS. & JUD. PROC. CODE ANN., § 12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* MD. CTS. & JUD. PROC. CODE ANN., § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

**Analysis**

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim during post-conviction review); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). A procedural default also may occur where a state court declines "to consider [the] merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

As the Fourth Circuit has explained:

> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.' *Id.* at 735 n.1."

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is actually innocent.[1] *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id.* (quoting *Murray*, 477 U.S. at 488). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of the claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U. S. 298, 314 (1995).

---

[1] Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray v. Carrier*, 477 U.S. at 496. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.* A petitioner who wishes to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

4

Petitioner asserts he was denied representation by the public defender's office for purposes of seeking certiorari with the Maryland Court of Appeals. ECF No. 6. The letter attached from counsel indicates that in counsel's opinion, there was "no reasonable likelihood that the Court of Appeals of Maryland would grant review in [Petitioner's] case, and, therefore, this office will not provide an attorney for any further appellate action." *Id.* at p. 13. Counsel went on to explain to Petitioner how to file a petition for writ of certiorari on his own and the filing deadline for doing so. *Id.* Rather than attempt to file the petition on his own, Petitioner simply did nothing to secure further review. Petitioner's failure to seek certiorari review was not due to an objective factor outside of his control and consequently, Petitioner's claims are procedurally defaulted.

In addition to Petitioner's failure to establish cause and prejudice, there is no indication that the Court's inability to review the claims raised would result in a manifest injustice. The trial judge observed during sentencing that:

> The crime here was monstrous, as you say. Mr. McCann, the testimony was undisputed at trial that she was, you stabbed and stabbed and stabbed Alison Kirby in front of a number of witnesses, that was domestic violence on May 1st, 2006 this year in a Wal-Mart parking lot, a lot of people observed it.

ECF No. 5 at Ex. 4, p. 30. The victim knew Petitioner well and there was no question regarding his identity. The evidence of his guilt was overwhelming and there is no reason to fear that a manifest injustice will occur if this Court fails to examine the merits of Petitioner's claims.

Petitioner further states he was unable to file a post-conviction petition within the one year period because the public defender could not provide him with assistance in a timely manner.[2] He explains that as a prisoner he must rely on a cumbersome process to access legal

---

[2] Petitioner attaches an undated letter from the Office of the Public Defender, Collateral Review Division which states in part that there could be no "guarantee that if you request a review of your case by an attorney, that the

5

materials for purposes of researching issues related to the appeal or to the filing of a post-conviction petition, but claims he has now secured the services of a public defender to file a post-conviction petition. ECF No. 6. He urges this Court to hold the instant petition *sub judice* while the post-conviction petition is litigated. *Id.* Currently, however, there is no pending post-conviction petition filed on Petitioner's behalf.[3] Petitioner was advised to contact the Office of the Public Defender, Collateral Review Division and of the time constraints for seeking federal habeas relief in a letter dated March 24, 2009. ECF No. 6 at p. 13. It is unclear when Petitioner actually contacted the Public Defender's office for assistance, but he was advised by the Collateral Review Division of the filing deadlines involved.

A post-conviction petition filed at this time will not operate to toll the filing deadline for federal habeas relief as the one-year period has already expired. In addition, any amendment to the instant petition to include claims raised on post-conviction would not relate back to the filing date and would, therefore, be time-barred. *See United States v. Pittman*, 209 F.3d 314, 317-18 (4th Cir. 2000) (relation back of amendment is not permitted where the claims are separate occurrences of time and type). The Petition for Writ of Habeas Corpus will, therefore, be dismissed.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001)

---

review will be concluded prior to the expiration of the one-year deadline for filing a petition in federal court." ECF No. 6 at p. 10.

3  *See also* http://casesearch.courts.state.md.us/inquiry/inquiry-index.jsp.

(quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). These circumstances do not exist here. Accordingly, the Court denies a certificate of appealability.

December 13, 2010  
Date

                          /s/_____  
                        ROGER W. TITUS  
              UNITED STATES DISTRICT JUDGE